```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**MARTHA B. HODEL,**

      **Plaintiff,**

**v.**                                          **Civil Action No. 2:07-0419**

**THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA,**

      **Defendant**

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion, filed April 30, 2009, for summary judgment regarding her right to a third administrative appeal on her claim for long-term disability benefits under an ERISA plan. This motion was filed in accordance with the telephone conference held on April 10, 2009, and the court's order entered April 13, 2009.

### I. Background

Plaintiff began her employment with the Associated Press ("AP") in 1976 as a Huntington news reporter and correspondent. In September of 1977, plaintiff was diagnosed with and treated for bipolar disorder. She left AP in January 2005 on the ground that her bipolar disorder had become so

debilitating that she could no longer function at her job. As an AP employee, she was covered by a group long-term disability insurance policy issued to AP by Prudential. She filed a claim for benefits under this plan in late April of 2005. (A.R. 270-77).

Her claim for benefits was denied on July 18, 2005. (Id. at 351-53). In the denial letter, Prudential informed the plaintiff that she had a right to appeal the denial. (Id. at 352). It further stated, "If our decision to deny benefits is upheld at the first level of appeal, you or your authorized representative may file a voluntary second appeal. . . . After completion of the first level of appeal, you may also file a lawsuit under the Employee Retirement Income Security Act (ERISA)." (Id. at 353).

Plaintiff notified Prudential of her intention to appeal the decision on November 28, 2005 (her first appeal). (Id. at 210). Prudential upheld its decision and notified the plaintiff on August 9, 2006. (Id. at 338-42). The denial letter informed the plaintiff "You may again appeal this decision to Prudential's Appeals Review Unit for a final decision. . . . Please note that this second appeal is voluntary. . . . Since you have now completed the first level of appeal, you may file a

2

lawsuit under the Employee Retirement Income Security Act (ERISA)." (Id.).

Plaintiff appealed again (her second appeal), notifying Prudential of her intention to do so on August 17, 2006. (Id. at 72). Prudential reaffirmed its decision by letter dated March 26, 2007, wherein Prudential advised the plaintiff that its decision was final and could not be further appealed to Prudential. (Id. at 327-32).

On April 5, 2007, the plaintiff requested further consideration of her claim in light of a March 30, 2007, award of social security benefits, which could not have been submitted earlier in support of her long term disability claim inasmuch as it was issued after Prudential's March 26, 2007 final decision. (Id. at 8-18). Prudential responded by letter dated April 18, 2007, stating "We have noted that Ms. Hodel was approved for SSDI benefits and we have taken this into consideration," but that "We have determined that this information does not change our prior decision to uphold the disallowal of Ms. Hodel's claim." (Id. at 321-22). Prudential further observed that it had advised the plaintiff in the March 26, 2007 letter that its decision was final and could not be further appealed to Prudential. (Id.).

3

Plaintiff instituted this action under ERISA on July 5, 2007. (Id. at 5, 327). On March 11, 2008, the plaintiff moved for summary judgment, contending, in part, that the plaintiff was wrongfully denied a third opportunity to appeal Prudential's decision denying benefits in violation of the terms of the summary plan description ("SPD"). The SPD that is a part of the administrative record that was furnished by Prudential plainly provides for three levels of administrative appeal, stating:

> If the second appeal of your benefit claim is denied . . ., you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial.

(Id. at 445).

Prudential responded to the plaintiff's motion for summary judgment, asserting that the plaintiff was only entitled to two levels of appeal and that she was notified of these circumstances in each of the three denial letters sent by Prudential. Prudential explained that effective January 1, 2005, Prudential group life and disability claims operations switched from a three-step appeals process to a two step process for all long-term disability claims due to a change in the United States Department of Labor's requirement regarding the time period in

which mandatory levels need to be completed.[1]  As a result of this requirement, Prudential's claim procedures were modified to allow for one mandatory appeal and one voluntary second level of appeal for adverse decisions made on or after January 1, 2005.  Prudential contended that inasmuch as the plaintiff did not apply for long term disability benefits until after January 1, 2005, and therefore the adverse decision on her claim was also provided after January 1, 2005, she was entitled to only two levels of appeal according to the terms of the plan as modified.

The court entered a memorandum opinion and order on March 30, 2009, denying the plaintiff's motion for summary judgment on the ground that there appeared to be multiple questions of material fact, including whether the SPD that is a part of the administrative record is actually the SPD that was in effect at the time the plaintiff filed her claim for benefits and whether the plaintiff was given adequate notice by the plan administrator of any plan modification as required by 29 U.S.C. §

---

[1] According to a newsletter sent by Prudential to all of its "Group Insurance Clients," including AP, the Department of Labor now requires all mandatory levels of appeal to be completed within one 45-day period.  Prudential's plan provided for two mandatory appeals and one voluntary appeal.  Prudential changed its plan to provide for one mandatory appeal and one voluntary appeal because it did not think it would be feasible to complete two levels of mandatory appeal within 45 days given the complexity of most claim appeals.

5

1024(b)(1).

After entering the March 30, 2009 order, the court spoke with the parties by telephone on April 10, 2009, and offered the parties another opportunity to brief the narrow question of whether the plaintiff was improperly denied a third appeal.  As noted, the plaintiff filed the motion regarding her right to a third administrative appeal on April 30, 2009. Prudential having responded, and the plaintiff having replied, the motion is now ripe for disposition.

In the motion, the plaintiff contends that the terms of the SPD that is contained in the administrative record that was furnished by Prudential clearly and unambiguously provided the plaintiff with a right to three appeals and that Prudential has offered no evidence that the SPD was amended to reflect the modification in the appeals process.  The plaintiff further contends that she mistakenly relied on the statements in each of her denial letters that she was entitled to only two appeals, and that such reliance was to her detriment because she now believes that she should have been entitled to three appeals and, if she were given a third appeal, she would have presented Prudential with additional evidence of her disability.

6

Prudential responded with a two page brief in which it cites no legal authority. Therein, Prudential asserts that it was the plaintiff's employer's obligation to notify her of the changes to the plan, and further that, in any event, the plaintiff was notified of her right to only two appeals in each of her denial letters. Prudential asserts that a "News and Views" newsletter, which was sent to the plaintiff's employer and is attached to Prudential's response brief, evidences the change in procedure prior to the time that the plaintiff applied for benefits. Prudential further provides an affidavit by Celeste Kolodin, an appeals specialist, in which she states that Prudential revised its appeals process, the new appeals process was applicable to the plaintiff's claim, and the plaintiff's employer was notified via the "News and Views" newsletter of the change in procedure.

## II. Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those

necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

III. Discussion

Upon review of the administrative record, the evidence previously furnished by the parties with the plaintiff's first

motion for summary judgment, as well as the parties' briefing on the plaintiff's motion regarding her right to a third appeal and the additional evidence provided by the parties with their briefing on that later motion, the court finds that there is no question of fact that the terms of the plan were modified effective January 1, 2005, such that claims denied thereafter were entitled to only two appeals.  The plaintiff does not dispute that there was a modification to the plan; rather, she asserts that the SPD was never amended to reflect the change in the appeals process.

Under 29 U.S.C. 1024(b), it is the plan administrator's duty to notify plan participants of material modifications in the terms of the plan and to provide participants with copies of the SPD.  29 U.S.C. 1024(b) ("The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes . . . not later than 210 days after the end of the plan year in which the change is adopted.").  Here AP was the plan administrator according to the terms of the policy, so it was the duty of AP, rather than Prudential, to notify the plaintiff that the plan was modified to allow for only two administrative appeals.  (A.R. at 442).

9

The requirements for adequate notice of material modifications to the terms of an ERISA plan are set forth in the federal regulations, which provide pertinently as follows:

> [T]he plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants, beneficiaries and other specified individuals.  Material which is required to be furnished to all participants covered under the plan and beneficiaries receiving benefits under the plan (other than beneficiaries under a welfare plan) must be sent by a method or methods of delivery likely to result in full distribution.  For example, in-hand delivery to an employee at his or her worksite is acceptable.  However, in no case is it acceptable merely to place copies of the material in a location frequented by participants.

29 C.F.R. § 2520.104b-1(B)(1).  Neither party has offered any evidence of the type of notice, if any, that AP provided to the plan participants, including the plaintiff.[2]  Nonetheless, the court observes that the plaintiff received actual notice of the applicable appeal process as being limited to two appeals on July 18, 2005 and again on August 9, 2006, as set forth in the denial letters sent to her on those dates by Prudential.

Moreover, the plaintiff admits in her briefing that she relied on the language in each of the denial letters stating that

---

[2] The court further notes that the plaintiff has not sued AP for breach of fiduciary duty for any failure to notify the plaintiff of the material modification to the terms of the plan.

she was entitled to only two appeals. (Mem. Supp. Mot. at 4). Her attorney, nonetheless, submitted a third request for review to Prudential on April 5, 2007, and attached a copy of the decision awarding the plaintiff social security benefits. Although the plaintiff was not entitled to a third appeal under the applicable policy, Prudential appears to have considered her request for reconsideration and the social security decision that was attached thereto. Prudential not only reminded the plaintiff that she was not entitled to a third appeal, but also stated "We have noted that Ms. Hodel was approved for SSDI benefits and we have taken this into consideration," but "We have determined that this information does not change our prior decision to uphold the disallowal of Ms. Hodel's claim." (A.R. 321-22). And so it appears that the plaintiff may have been provided a third review of her claim for benefits anyway.

The court, accordingly, concludes that the plaintiff was provided adequate process under the terms of the policy applicable at the time that she filed her claim for benefits.

### IV. Conclusion

Based upon the foregoing, it is ORDERED that the

plaintiff's motion for summary judgment regarding her right to a third administrative appeal be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 12, 2009

John T. Copenhaver, Jr.
United States District Judge